UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DANIEL ANTHONY PEACE**,

        Plaintiff,

v.                            **Case No. 14-cv-1608-pp**

**WARDEN DONALD STRAHOTA,
CO BLAKE, TONIA MOON,
TONY MELI, SGT. GREFF,
ANA BOATWRIGHT,
CINDY O'DONNELL, and
SGT. JOHN DOE,**

        Defendants.

---

**DECISION AND ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR USE OF PRISON RELEASE ACCOUNT TO PAY PARTIAL FILING FEE (DKT. NO. 12), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DKT. NO. 3), SCREENING PLAINTIFF'S COMPLAINT, DISMISSING CASE, AND DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 4)**

---

The plaintiff, a state prisoner, filed a *pro se* complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights while he was in segregation at Waupun Correctional Institution. The case comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis*, the plaintiff's motion to appoint counsel, the plaintiff's motion for use of his prison release account to pay the initial partial filing fee, and for screening of the plaintiff's complaint.

## Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 3, 2015, the court issued an order requiring the plaintiff to pay an initial partial filing fee of $7.79. (Dkt. No. 11). The plaintiff filed a motion asking to use his prison release account to pay the partial filing fee, but the court received the initial partial filing fee before resolving the motion. As a result, the plaintiff's motion is moot, and the court will deny it for that reason. Because the plaintiff now has paid the initial partial filing fee, the court will grant the plaintiff's motion for leave to proceed *in forma pauperis*, and will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

## Review of the Plaintiff's Complaint and Supplement

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of a complaint if the plaintiff raises claims that are legally "frivolous or malicious,"

2

that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has

3

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in *Twombly*. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. *Id.* Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In this case, the plaintiff's complaint alleges that on September 30, 2014, while incarcerated at Waupun Correctional Institute, he was placed in

4

temporary lock-up in segregation. (Dkt. No. 1 at 6). A little over a week later, on October 8, 2014, the plaintiff received breakfast at 6:00 a.m.; the plaintiff was at his door with the light on. Id. He received his lunch tray at 11:00 a.m.; again, he was at his door with his light on. While defendant Blake was handing out apples and milk, the plaintiff noticed that something was wrong with his tray; he indicates that "there was a lot of lettuce in [his] meat." Id. at 7. When Blake came to the plaintiff's door with the apples and milk, the plaintiff attempted to show Blake what was wrong, but the tray slipped out of the plaintiff's fingers and fell out of the trap on the cell door. The plaintiff says that he "guess[es]" that some of the food got on Blake's clothes. At this point, the plaintiff alleges, Blake slammed the plaintiff's trap, kicked the tray, and started to walk away. Id.

The plaintiff asked Blake why he slammed the trap, and Blake said it was because the plaintiff threw his tray at Blake. The plaintiff responded that he didn't throw the tray—it slipped—and asked whether Blake was going to give him something to eat. The plaintiff alleges that Blake just looked at the plaintiff, then gave the inmate in the next cell an apple and milk. The plaintiff asked Blake if he could speak to a sergeant, but Blake never came back with a new tray or a sergeant. The next meal the plaintiff received that day was his dinner, on schedule, at 3:30 p.m. Id.

The plaintiff provides a long list of the attempts he made to address the failure to provide a replacement lunch with members of the prison staff. Id. at 8. He argues that the fact that his tray slipped was an accident, and that if he'd

5

really thrown his tray at defendant Blake, there were a number of disciplinary actions Blake, or the prison, could have taken; they did not. Id. at 9. The plaintiff asserts that as a result of missing the 11:00 a.m. meal on October 8, he suffered stomach pains, a headache, and sleeping problems. Id. at 6.

In the portion of the complaint where the plaintiff states his legal theory, the plaintiff states that the incident on October 8 involved "many different violations" of his civil rights, "such as . . . Cruel and Unusual Punishment, 1st Amendment, Retaliation, Defamation, Deliberate Indifference, and 8th Amendment." Id. at 9. The plaintiff alleges no facts anywhere in the complaint that support a cause of action for defamation, and defamation is not a violation of the Constitution or federal law. Nor does the plaintiff allege any facts that support a cause of action under the First Amendment to the Constitution (which prohibits Congress from passing laws respecting the establishment of religion or prohibiting the free exercise of religion, abridging freedom of speech or the press, and abridging the right of free assembly and to petition for redress of grievances.) The court must dismiss any claims based in defamation or the First Amendment because the complaint does not state sufficient facts to support those claims.

The rest of the plaintiff's alleged causes of action are just different ways of alleging violations of the Eighth Amendment. The Eighth Amendment to the Constitution states that the government may not inflict "cruel and unusual" punishment. One form of "cruel and unusual punishment" is deliberate indifference to an inmate's serious medical needs. Another is failure to provide

6

adequate food, clothing, and shelter. As far as the court can tell, the facts the plaintiff has alleged relate only to the question of whether the defendants committed the latter failure.

The Eighth Amendment requires prison officials to provide "adequate food, clothing, shelter, and medical care" to prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Sain v. Wood*, 512 F.3d 886, 893 (7th Cir. 2008) (citing *Farmer*). In order to violate the Eighth Amendment, deprivations must be "unquestioned and serious" and deprive prisoners of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The withholding of food is not "a *per se* objective violation of the Constitution; instead, a court must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999).

"One or two missed meals are not actionable as Eighth Amendment violations." *Curiel v. Stigler*, 2008 WL 904894, at *5 (N.D. Ill. Mar. 31, 2008); *see also Woods v. Schmeltz*, 2014 WL 4947340, at *1 (C.D. Ill. Oct. 2, 2014) (denial of one lunch tray did not state a claim); *Johnson v. Arbeiter*, 2010 WL 4717642, at *2 (S.D. Ill. Nov. 15, 2010) (inmate deprived of one meal did not state constitutional violation); *Brown v. Madison Police Dept.*, 2003 WL 23095753, *4 (W.D. Wis. May 15, 2003) (missing two meals on one occasion does not rise to constitutional violation). In this case, the plaintiff missed one meal, and went nine and a half hours—from 6:00 a.m. to 3:30 p.m.—without being served food. As the cases cited above hold, while missing one meal is unpleasant, it does not constitute a violation of the Eighth Amendment's

7

prohibition against cruel and unusual punishment. Accordingly, the court holds that the plaintiff's complaint fails to state a claim, and the court will dismiss it.

## Motion to Appoint Counsel

Because the court is dismissing the plaintiff's complaint, the plaintiff's motion to appoint counsel is moot.

## CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3). The court **DENIES AS MOOT** the plaintiff's motion for use of his prison release account to pay his initial partial filing fee (Dkt. No. 12).

The court **DISMISSES** this case pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. The court orders the clerk of court to enter judgment accordingly. The court also instructs the clerk of court to document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1), and thus that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

The court **DENIES AS MOOT** the plaintiff's motion to appoint counsel (Dkt. No. 4).

The court further **ORDERS** the Secretary of the Wisconsin Department of Corrections or his designee to collect from the plaintiff's prison trust account the $342.21 balance of the filing fee, by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding

month's income credited to the prisoner's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The Secretary or his designee shall clearly identify the payments by the case name and number.

The court will send a copy of this order to the warden of the Waupun Correctional Institution.

**I FURTHER CERTIFY** that if the plaintiff appeals from this decision, he would not file that appeal in good faith pursuant to 28 U.S.C. §1915(a)(3), unless he offers bona fide arguments supporting his appeal.

Dated at Milwaukee this 22nd day of June, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

9

Case 2:14-cv-01608-PP   Filed 06/22/15   Page 9 of 9   Document 17