## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**DANIEL ANTHONY PEACE**,

                    Plaintiff,

    v.                                 **Case No. 14-cv-1608-pp**

**WARDEN DONALD STRAHOTA,
CO BLAKE, TONIA MOON,
TONY MELI, SGT. GREFF,
ANA BOATWRIGHT,
CINDY O'DONNELL, and
SGT. JOHN DOE,**

                    Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 21) AND DENYING PLAINTIFF'S MOTION TO AMEND COURT FILING FEES (DKT. NO. 28)

---

On June 22, 2015, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* and screened the plaintiff's complaint. Dkt. No. 17. The court concluded that the plaintiff's complaint failed to state a claim upon which relief could be granted and dismissed the case. Id. The plaintiff since has filed a motion to alter or amend judgment (Dkt. No. 21) and a motion to amend court filing fees (Dkt. No. 28).

### I.    Plaintiff's Motion to Alter or Amend Judgment

On June 29, 2015, the plaintiff filed an affidavit asking the court to reconsider its screening of his complaint. Dkt. No. 19. He also filed a separate document entitled Brief Legal Theory. Dkt. No. 20. Then, on July 9, 2015, the plaintiff filed a motion to alter or amend judgment asking the court to treat the

1

documents filed at docket numbers 19 and 20 as a motion to alter or amend the judgment. Dkt. No. 21. On July 29, 2015, the plaintiff also submitted a declaration in support of his motion to appoint counsel (which the court already had denied). Dkt. No. 22. On August 14, 2015, the plaintiff filed a notice of appeal, Dkt. No. 23, which he voluntarily dismissed, <u>see</u> Dkt. No. 27).

The plaintiff bases his motion to alter or amend judgment on Federal Rule of Civil Procedure 59(e), and the court refers to the documents filed at docket numbers 19 and 20 for the substance of the plaintiff's arguments.

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." <u>Obriecht v. Raemisch</u>, 517 F.3d 489, 494 (7th Cir. 2008) (citing <u>Sigsworth v. City of Aurora</u>, 487 F.3d 506, 511-12 (7th Cir. 2007)). Further, "[m]otions under Rule 59(e) cannot be used to present evidence that could have been presented before judgment was entered." <u>Id.</u> Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." <u>In re Prince</u>, 85 F.3d 314, 324 (7th Cir. 1996).

In a document entitled "Brief Legal Theory," the plaintiff makes arguments regarding each of the legal theories proposed in his complaint. He suggests that CO II Blake retaliated against the plaintiff for getting some food on Blake's clothes. Dkt. No. 20 at 2. This suggestion does not support a retaliation claim. In order to prove a retaliation claim, the plaintiff would have to prove that the defendants did something to him to get back at him for exercising a right guaranteed to him under the First Amendment (in other

2

words, getting back at him for something he had a constitutional right to say or do). Getting food on an officer is not "activity protected by the First Amendment." Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009) (internal quotations omitted).

The plaintiff asserts under the "Mental Anguish Clause" of the Eighth Amendment that he had problems sleeping and suffered from headaches, stomach aches, and emotional problems due to not receiving anything to eat at lunch on the day that he got food on the officer. The plaintiff says that he felt that the officer did not think he was human or worth helping. Dkt. No. 20 at 2. While it may have made the plaintiff hungry or made him feel mistreated, one missed lunch tray does not state a claim. Curiel v. Stigler, 2008 WL 904894, at *5 (N.D. Ill. Mar. 31, 2008); see also Woods v. Schmeltz, 2014 WL 4947340, at *1 (C.D. Ill. Oct. 2, 2014); Johnson v. Arbeiter, 2010 WL 4717642, at *2 (S.D. Ill. Nov. 15, 2010); Brown v. Madison Police Dept., 2003 WL 23095753, *4 (W.D. Wis. May 15, 2003). Further, there is no "Mental Anguish Clause" to the Eighth Amendment. In its entirety, the Eighth Amendment says, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." There is nothing in this amendment which refers to mental anguish, even if the court did find (which it does not) that missing one meal creates mental anguish.

The plaintiff entitles the first part of his motion to alter or amend "1st Amendment—Exhaustion of Remedies," Dkt. No. 20 at 1, asserting that he contacted two Department of Corrections officers and neither one responded,

3

refusing to intervene on his behalf. Dkt. No. 20 at 1. The court does not need to decide whether the plaintiff exhausted his administrative remedies by talking to two officers about his belief that he was being retaliated against; as the court noted above, he has not alleged that he exercised any First Amendment right for which retaliation would be prohibited.

The plaintiff also argues that libel and slander are both forms of defamation, that defendant Blake defamed the plaintiff when he made false statements to another staff member about the plaintiff, and that the false statements caused the inmate complaint examiner not to believe the plaintiff. If the plaintiff believes that he was subject to libel or slander under state law, the appropriate place for him to file such a claim is in state court. But if the libel and slander were not retaliation for the exercise of a First Amendment right, there is no federal cause of action. The court has found that the plaintiff did not exercise any First Amendment right which triggered retaliation.

The plaintiff suggests deliberate indifference by other defendants. Deliberate indifference to serious medical need is an Eighth Amendment claim. The plaintiff argues that "the defendants knew what [Officer Blake] did to the petitioner. No one care[d] enough to intervene on the petitioner behalf." Dkt. No. 20 at 2. If by "what [Officer Blake] did to the petitioner," the plaintiff means not giving him a lunch tray on one day, the court already has found that this is not constitute a deliberate indifference claim, or a duty to intervene.

Ultimately, the plaintiff's pleadings at Dkt. Nos. 19, 20 and 21 do not demonstrate that the court made a manifest error of law, or that the plaintiff

4

has produced any newly discovered evidence. See Obriecht, 517 F.3d at 494. Also, all of the facts and arguments in these pleadings could have been presented in in his original complaint. See id. The court will deny the plaintiff's motion to alter or amend the judgment.

The court has also reviewed the plaintiff's declaration for motion for the appointment of counsel. Dkt. No. 22. He suggests that he will "have to appeal" if the court does not grant his motion to alter or amend and asks the court to appoint counsel to help him do so. He cites the seven cases he has filed in this court, his imprisonment, and his lack of legal education as reasons why he cannot represent himself. He also provides information regarding a number of attorneys he has contacted about his case (in November 2014 and June and July 2015). Even if the court were to construe this pleading as a motion to appoint counsel (which it does not), the court would deny the motion because the plaintiff does not need a lawyer to represent him in a closed case. This is even more true now that the plaintiff has voluntarily dismissed his appeal.

## II.    Plaintiff's Motion to Amend Court Filing Fees

On November 6, 2015, the plaintiff filed a motion to amend court filing fees in three of his pending cases. Dkt. No. 28. He notes that he is charged twenty percent of his income for each of the three cases and asks for a court order either combining the filing fees or allowing the filing fees to be paid one after another rather than concurrently. The plaintiff argues that he needs access to legal research tools and supplies, both for his own cases (which include a mandamus action in Milwaukee County Circuit Court), and his

5

assistance to other individuals with civil and criminal litigation. He indicates that he also must purchase health care products with the funds in his trust account.

The court does not have the discretion to do what the plaintiff asks. Under 28 U.S.C. § 1915(b)(2), "[a]fter payment of the initial partial filing fee, the prisoner **shall be required** to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." (Emphasis added.) This provision applies to each complaint or appeal the plaintiff files. The statute does not allow the court the discretion to modify the collection requirement. The court also notes that the fact that the plaintiff chooses to use some of his prison income to pay for actions he has filed in state court is not relevant to whether he has to pay the federal filing fees. The court will deny the plaintiff's motion.

Additionally, the court notes that the plaintiff seems to be using his own funds to pay for case law, papers, pens and correction tape to help other inmates with their criminal and civil cases. If the plaintiff does not have enough money to fund his own litigation, he should not be spending his money assisting other inmates with theirs.

## III. Conclusion

The court **DENIES** the plaintiff's motion to alter or amend judgment. Dkt. No. 21. The court also **DENIES** the plaintiff's motion to amend court filing fees. Dkt. No. 28.

Dated in Milwaukee, Wisconsin this 4th day of January, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge